PIERCE, Judge.
Appellant Allan Kraus appeals to this Court from two orders entered by the Pinellas County Circuit Court, arising out of the same suit, wherein appellee Charlotte Kraus has filed cross-assignments of error. The two appeals have been consolidated. One appeal is from an order modifying the final judgment of divorce and the other appeal is from an order finding Allan in contempt of court for wilful failure to comply with the final judgment of divorce.
Said final judgment of divorce, entered on April 29, 1969, awarded appellee Charlotte, as plaintiff therein, the sum of $550.00 per month as alimony, and $400.00 per month as support money for their four minor children; custody of the four children; exclusive possession of the jointly owned home previously occupied by the family; and required appellant Allan, the defendant in the suit, to make all payments on the encumbrances on the home which allegedly totaled $432.00 per month. The total monetary payments aggregated $1,-372.00 per month.
On October 30, 1969, Allan filed his petition for modification of said final judgment, alleging changed economic circumstances and inability to comply with the final judgment monetarily. Hearing on the petition was set for November 3, 1969. On November 4, 1969, Charlotte filed a motion for continuance of the hearing. The Court granted the continuance and set the hearing for December 22, 1969. On December 15, 1969, Charlotte filed her answer and motion for contempt order for failure of Allan to comply with the final judgment, setting her motion for hearing on December 22, 1969. On the latter date the hearing was not concluded and it was recessed to February 18, 1970. After hearing on the latter date the Chancellor entered order finding Allan in arrears in the amount of $2,200.00 and such arrearage was in wilful and continued contempt of the Court’s final judgment. He was thereupon so adjudged and sentenced to 20 days in the County jail, but with the proviso that he could purge himself upon payment of said sum in default. On March 11, 1970, the Chancellor entered order modifying the previous final judgment by reducing the amounts of alimony and support money by $125.00 a month, such reduction to be retroactive to March 1, 1970.
Allan has appealed both orders to this Court, and Charlotte has filed cross-assignments. The questions before this Court, of course, concern the propriety of the two orders appealed in the light of the pleadings and evidence. We affirm.
It would serve no useful purpose for this Court to try to analyze here the various facets of evidence gone into by the parties. To do so would, in the long run, amount to nothing more or less than second guessing the able trial Judge, which we do not choose to do.
Suffice to say that a careful examination of the record before us here convinces us that the Judge was within his permissive sphere of action in entering his two orders appealed here, and that Allan has failed to carry his appellant’s burden of *532 demonstrating reversible error, especially upon the largely factual issues. In accordance therewith the orders now before this Court for review are—
Affirmed.
LILES, A. C. J., and MANN, J., concur.